IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

RANDOLPH K. MORSE, JR.,
      Plaintiff,

v.                                             Civil No. 3:20cv268 (DJN)

SGT. BAISEY TRAVIS,
      Defendant.

**MEMORANDUM OPINION**

Randolph K. Morse, Jr., a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action.[1] The matter comes before the Court for evaluation of Morse's Second Particularized Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons stated below, the Second Particularized Complaint (ECF No. 12) and the action will be DISMISSED.

### I.     PROCEDURAL HISTORY

By Memorandum Order entered on August 26, 2020, the Court directed Morse to file a Particularized Complaint. (ECF No. 7.) Morse refused to file a particularized complaint. (ECF No. 8.) Thereafter, by Memorandum Order entered on September 11, 2020, the Court instructed Morse that if he wished to proceed with this action that he was required to file a particularized complaint that complied with the directions provided in the Memorandum Order. (ECF No. 9.) Morse filed a Particularized Complaint. (ECF No. 10.) After reviewing the Particularized

---

[1]     The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

Complaint, the Court determined that it remained deficient. By Memorandum Order entered on November 2, 2020, the Court explained that the Particularized Complaint was quite short and failed to identify the constitutional rights violated by the Defendant's conduct and the relief that he sought. (ECF No. 11.) On December 1, 2020, Morse filed the Second Particularized Complaint that is now before the Court for review. (ECF No. 12.)

## II. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines that the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A (explaining screening process for prisoner complaints). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard mirrors the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, the Court takes a plaintiff's well-pleaded allegations as true and views it in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952 (setting forth standard for reviewing motions to dismiss). This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by

identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). For a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. SUMMARY OF ALLEGATIONS AND CLAIMS

In his Second Particularized Complaint Morse contends, in sum, the following:[2]

On 10/26/2019 my civil rights were violated by the name in question who works for the Mecklenburg Sheriff's Department, and that is Sgt. Baisey Travis, 54.

1) First of all, the sheriff's office was called to my residence because a dispute transpired between myself and a sibling of mine that led up to criminal charges being pressed on me. From there, Sgt. Baisey Travis took me into his custody inside of my residence and began to read me my rights, and also started to perform a routine body search to see if I had any weapons on me and also any other property. 2) No weapons was found and what I did have in my possession was $40 in cash, and two key rings with several different keys, that went to various pieces of property that I own. From 3 automobiles, to 3 utility sheds, to a safe that was in my bedroom, and most of all that is important, my home, that only I was living in at the time up until this present date. I ask Sgt. Baisey Travis several different times to please put my keys back in my pockets, and please lock my residence up until other actions could be taken. He denied my request over and over and I was put in the back of a squad car and was booked into the Boyton County Jail. And was booked without my personal property I had on me, and also my residence was left wide open and I did not agree with that at all. At that time, I feel and knew then my civil rights had been violated. I was advised to fill out a 1983 form in which I did and form there proceeded with this action.

EXCLUSIVE POSSESSION TO RAISE LARCENY PRESUMPTION: Best v. CWealth, 222 VA 387, 282 S.E.2d 16 (1981): Sgt. Travis Baisey is liable because he was the arresting officer and also he was the last one with my personal property that I stated in this action. I was taken into his custody inside of my residence, and he perform[ed] the routine body search and took my personal property from me and there denied me my rights of taking it with me.

PETTY LARCENY: 18.2–96: Sgt. Travis Baisey is liable because I was in his custody once again and he took my property and never gave it back to me, just like I stated in this action.

In this action I seek a relief of a[n] apology, first of all by the arresting officer and also to seek a cash amount of all fees and also the time spent into getting this action taken care of. Also, for all the missing items that has been stolen from my property and etc! Asking the max amount on a civil action!

---

[2] The Court employs the pagination assigned to the Particularized Complaint by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from the Second Particularized Complaint.

4

(ECF No. 12, at 1–3.)

## IV. ANALYSIS

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Courts must liberally construe *pro se* civil rights complaints to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). In the Second Particularized Complaint, Morse does not identify the particular constitutional right that was violated by the defendants' conduct. At most, he insists that his "rights" were violated and that he "knew then my civil rights had been violated." (ECF No. 12, at 2.) To the extent that he argues that Defendant Travis is guilty of larceny, Morse as "a private citizen lacks a judicially cognizable interest in the [criminal] prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution."). Moreover, "the Court cannot initiate criminal or regulatory investigations of any defendant. Rather, authority to initiate criminal complaints rests exclusively with state and federal prosecutors." *Barron v. Katz*, 2017 WL 3431397, at *1 (E.D. Ky. Aug. 9, 2017) (citing *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Thus, any portion of the action seeking to find Defendant Baisey guilty of larceny will be DISMISSED as frivolous.

Although Morse fails to identify a constitutional right violated by Defendant Baisey's conduct, the Court generously construes Morse to raise a claim under the Due Process Clause. The Due Process Clause applies when government action deprives an individual of a legitimate

5

liberty or property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). The first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected interest. *See Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). Morse fails to indicate that Defendant Baisey's actions resulted in the deprivation of any liberty interest. Rather, Morse contends that Defendant Baisey deprived him of property, when he took Morse's cash and keys from him upon his arrest, without due process of law. Besides Morse's speculation that items could have been stolen because the home remaining unlocked, it remains unclear if Defendant Baisey's actions resulted in any loss of property to Morse.

Nevertheless, Defendant Baisey's due process claim for the deprivation of property is foreclosed by Virginia's provision of adequate post-deprivation remedies. *See Wilson v. Molby*, 2012 WL 1895793, at *6–7 (E.D. Va. May 23, 2012); *Henderson v. Virginia*, 2008 WL 204480, at *10 n.7 (W.D. Va. Jan. 23, 2008). Negligent and intentional deprivations of property "do not violate [the Due Process] Clause provided . . . that adequate state post-deprivation remedies are available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (finding that due process satisfied by post-deprivation remedy to redress intentional destruction of personal property by prison guard during a shakedown).

Virginia has provided adequate post-deprivation remedies for deprivations caused by state employees. Under the Virginia Tort Claims Act, Virginia has waived sovereign immunity for damages for "negligent of wrongful" acts of state employees acting within the scope of employment. Va. Code Ann. § 8.01–195.3. The United States Court of Appeals for the Fourth Circuit has held that the Virginia Tort Claims Act and Virginia tort law provide adequate post-deprivation remedies for torts committed by state employees. *See Wadhams v. Procunier*, 772 F.2d 75, 78 (4th Cir. 1985). Because the availability of a tort action in state court fully satisfies the requirement of a meaningful post-deprivation process, Morse cannot state a claim for the loss

6

of his property under the Fourteenth Amendment. *See Wilson*, 2012 WL 1895793, at *6–7; *Henderson*, 2008 WL 204480, at *10 n.7. Accordingly, Morse's claim will be DISMISSED for failure to state a claim and as legally frivolous.

## V. CONCLUSION

Morse's claims will be DISMISSED for failure to state a claim and as legally frivolous. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order shall issue.

Let the Clerk file a copy of this Memorandum Opinion electronically and send a copy to Plaintiff.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: March 31, 2021